UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

| | |
|---|---|
| MICKEY RAY REYES, JR., a minor, and through his guardian ad litem, Linda Servin, individually and as successor in interest to his father, Mickey Ray Welch,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PINOLE, TIM CAUWELS, ZACK BLUME, CHRIS FODOR AND does 1-20, Inclusive<br><br>Defendants.<br>_____/ | No. C 12-2636 LB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO APPROVE AND FUND MINOR'S SETTLEMENT**<br><br>[Re: ECF No. 38] |

## INTRODUCTION

Mickey Ray Reyes Jr. sued the City of Pinole and police officers Tim Cauwels, Zack Blume, and Chris Fodor for civil-rights violations that resulted in the death of his father, Mickey Ray Welch. Complaint, ECF No. 1.[1] On May 29, 2013, Defendants made an offer under Federal Rule of Civil Procedure 68. *See* Petition for Settlement Approval ("Petition"), ECF No. 38 at 2. The parties agreed to settle this action pursuant to the terms described in their Petition for Approval of Settlement and the attached exhibits. *See* ECF No. 38. For the reasons stated below, and following

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated pin numbers at the top of the document.

a hearing on June 20, 2013, the court **GRANTS** Reyes's motion.

## STATEMENT

In the Complaint, Plaintiff alleges that on May 28, 2010, City of Pinole Police Officers Cauwells, Blume, and Fodor performed a pedestrian stop on Plaintiff's father, Mickey Ray Welch. *See* Compl., ECF No. 1, ¶¶ 4-8, 12-13. During the stop, Welch was physically assaulted with a police baton, tazed, and show in the back, arm, chest, abdomen, and shoulder. *Id.* ¶ 13. Welch died from his injuries. *Id.* ¶ 16. Plaintiff alleges that the officers caused Welch's death by using excessive and unreasonable force in that Welch was not armed and did not pose an imminent threat to the officers. *Id.* ¶ 14. Plaintiff also alleges that the City of Pinole condoned and ratified the officers' conduct. *Id.* ¶ 15.

Thereafter, the parties agreed to settle the case, and the Plaintiff, through his guardian ad litem, now seeks court approval of the settlement. Petition, ECF No. 38. Under the proposed settlement, Defendants will pay $400,000.00, allocated as follows:

- $200,000.00 for attorneys' fees and costs to the law offices of O'Connor, Runckel & O'Malley, LLP and The Scott Law Firm;
- $75,000.00 to Prudential Assigned Settlement Services Corporation for the purchase of a structured settlement annuity that will provide Plaintiff with periodic payments of:
    a. $15,000.00 on 6/6/2026
    b. $17,500.00 on 6/6/2027
    c. $20,000.00 on 6/6/2028
    d. $22,500 on 6/6/2029
    e. $48,452.34 on 6/6/2033

2. $125,000.00 to be transferred to Dawn Akel,[2] Trustee of The Mickey Ray Reyes, Jr. Irrevocable Settlement Trust, a trust that will become revocable on Plaintiff's 18th birthday.

Petition, ECF No. 38 at 2-3. Under the terms of the draft trust agreement attached as Exhibit B to the Petition, the Trustee has discretion to distribute funds from the Trust "for whatever activities or

---

[2] The Trust Agreement indicates that Ms. Akel is a licensed "private professional fiduciary." *See* Petition Ex. B, ECF No. 38-2 at 3.

1   items the Trustee shall deem beneficial to the Beneficiary, including, but not limited to travel, sports,
2   theater and media, art, vocational training, and educational entertainment." ECF No. 38-2 at 8.
3   (The parties confirmed at the June 20, 2013 hearing that the final trust agreement is identical to
4   those in the draft agreement they filed.) On June 12, 2013, Defendants filed a statement of non-
5   opposition to the Petition. ECF No. 39.

## ANALYSIS

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.'" *Id*. (quoting Fed. R. Civ. P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id*. (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

As the Ninth Circuit has recently made clear, in cases involving the settlement of a minor's federal claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." *Id*. at 1181-82 (citing *Dacanay*, 573 F.2d at 1078.

Plaintiff, through his guardian ad litem, has agreed to settle his claims against the City of Pinole and the officer Defendants in exchange for $400,000.00, half of which is allocated for attorneys' fees. Upon review of the papers submitted, the court finds this amount and the settlement terms to be fair and reasonable in light of the facts of the case, Plaintiff's claims, and recoveries in similar cases. The court also finds the settlement to be in the best interest of all parties. Accordingly, the Court grants Plaintiffs' Motion.

**CONCLUSION**

Based on the foregoing, Plaintiffs' Petition for Approval of Settlement is **GRANTED**. The court directs the parties to file, by August 1, 2013, either (1) a stipulated dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) or (2) a joint status update explaining why a stipulated dismissal has not yet been filed.

The court vacates the case management conference statement currently set for June 27, 2013, at 11:00 a.m. and resets it as a hold date for Thursday, August 8, 2013.

This disposes of ECF No. 38.

**IT IS SO ORDERED.**

Dated: June 20, 2013

LAUREL BEELER
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
For the Northern District of California

C 12-2636 LB
ORDER

4